ROBBINS GELLER RUDMAN & DOWD LLP
SHAWN A. WILLIAMS (213113)
DENNIS J. HERMAN (220163)
Post Montgomery Center
One Montgomery Street, Suite 1800
San Francisco, CA  94104
Telephone:  415/288-4545
415/288-4534 (fax)
shawnw@rgrdlaw.com
dherman@rgrdlaw.com
    – and –
PAUL J. GELLER
STUART A. DAVIDSON (*pro hac vice*)
MARK DEARMAN (*pro hac vice*)
BAILIE L. HEIKKINEN
KATHLEEN L. BARBER
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
pgeller@rgrdlaw.com
sdavidson@rgrdlaw.com
mdearman@rgrdlaw.com
bheikkinen@rgrdlaw.com
kbarber@rgrdlaw.com

FARMER, JAFFE, WEISSING, EDWARDS,
    FISTOS & LEHRMAN, P.L.
STEVEN R. JAFFE (*pro hac vice*)
SETH M. LEHRMAN (178303)
MARK FISTOS
425 North Andrews Avenue, Suite 2
Fort Lauderdale, FL  33301
Telephone:  954/524-2820
954/524-2822 (fax)
steve@pathtojustice.com
seth@pathtojustice.com
mark@pathtojustice.com

Attorneys for Plaintiff and the Class

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN FRANCISCO DIVISION

| | |
|---|---|
| COLIN FRASER, Individually and on Behalf of All Others Similarly Situated, <br><br> Plaintiff, <br><br> vs. <br><br> ASUS COMPUTER INTERNATIONAL, et al., <br><br> Defendants. | No. 12-cv-00652-WHA <br><br> <u>CLASS ACTION</u> <br><br> PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY APPROVAL OF CLASS ACTION SETTLEMENT, CERTIFICATION OF THE SETTLEMENT CLASS, SETTING A HEARING ON FINAL APPROVAL OF SETTLEMENT, AND DIRECTING NOTICE TO THE CLASS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT <br><br> DATE: November 1, 2012 <br> TIME:  8:00 a.m. <br> CTRM: 8 <br> JUDGE: Hon. William H. Alsup |

# TABLE OF CONTENTS

**Page**

I.   BACKGROUND OF LITIGATION AND SETTLEMENT ..............................................1

    A.   Procedural History of the Action ..................................................................2

    B.   The Mediation Process with Judge Corley ...................................................3

    C.   Summary of the Proposed Settlement ...........................................................4

        1.   Individual Class Member Benefits...................................................4

            a.   Cash......................................................................................4

            b.   Free Dongle..........................................................................4

        2.   Notice ..............................................................................................4

            a.   Mailing .................................................................................4

            b.   Pushed to Device..................................................................5

            c.   Internet .................................................................................5

    D.   Actions Requested of the Court .....................................................................5

II.  THE COURT SHOULD PRELIMINARILY CERTIFY THE PROPOSED
SETTLEMENT CLASS ......................................................................................................6

    A.   The Numerosity Requirement Is Met .............................................................7

    B.   The Commonality Requirement Is Met ..........................................................7

    C.   The Typicality Requirement Is Met ...............................................................8

    D.   Plaintiff and Class Counsel Are Adequate.....................................................8

    E.   The Proposed Settlement Class Meets the Requirements of Rule 23(b)(3).............9

III. THE COURT SHOULD PRELIMINARILY APPROVE THE SETTLEMENT
AGREEMENT AS "FAIR, REASONABLE, AND ADEQUATE" UNDER FED.
R. CIV. P. 23(e)(2)............................................................................................................10

    A.   The Strength of Plaintiff's Case and the Risk, Expense, Complexity, and
Likely Duration of Further Litigation .........................................................11

    B.   The Amount Offered in Settlement...............................................................12

    C.   The Scope of Release ...................................................................................12

    D.   The Extent of Discovery Completed and the Stage of Proceedings ...................13

    E.   The Experience and Views of Counsel.........................................................14

**Page**

F.    The Reaction of Proposed Class Members to the Proposed Settlement ................15

G.    Lack of Collusion Between the Parties .................................................................15

IV.    THE PROPOSED NOTICE IS ADEQUATE AND SHOULD BE APPROVED ............15

V.    THE COURT SHOULD ADOPT THE PARTIES' PROPOSED SCHEDULE FOR CONSIDERING FINAL APPROVAL OF THE SETTLEMENT ...........................16

VI.    CONCLUSION...........................................................................................................17

1

## TABLE OF AUTHORITIES

2

Page

3  **CASES**

4  *Amchem Prods., Inc. v. Windso*r,
5      521 U.S. 591 (1997).........................................................................................9

6  *Celano v. Marriot Int'l, Inc.*,
      242 F.R.D. 544 (N.D. Cal. 2007).....................................................................7
7
   *Chamberlan v. Ford Motor Co.*,
8      402 F.3d 952 (9th Cir. 2005) ...........................................................................9

9  *Duhaime v. John Hancock Mut. Life. Ins. Co.*,
10     177 F.R.D. 54 (D. Mass. 1997)......................................................................14

11 *Franklin v. Kaypro Corp.*,
      884 F.2d 1222 (9th Cir. 1989) .......................................................................13
12
   *Hanlon v. Chrysler Corp.*,
13     150 F.3d 1011 (9th Cir. 1998) ...........................................................6, 7, 8, 14

14 *Hanon v. Dataproducts Corp.*,
15     976 F.2d 497 (9th Cir. 1992) ...........................................................................8

16 *In re M.D.C. Holdings Sec. Litig.*,
      No. CV89–0090 E (M), 1990 WL 454747 (S.D. Cal. Aug. 30, 1990)..................13
17
   *In re Mego Fin. Corp. Sec. Litig.*,
18     213 F.3d 454 (9th Cir. 2000) .........................................................................11

19 *In re Orthopedic Bone Screw Prods. Liab. Litig.*,
20     176 F.R.D. 158 (E.D. Pa. 1997).....................................................................14

21 *In re Portal Software, Inc. Sec. Litig.*,
      No. C-03-5138 VRW, 2007 WL 1991529 (N.D. Cal. June 30, 2007) .....................6
22
   *In re Tableware Antitrust Litig.*,
23     484 F. Supp. 2d 1078 (N.D. Cal. 2007) ..........................................................11

24 *Jaffe v. Morgan Stanley & Co., Inc.*,
      No. C-06-3903 TEH, 2008 WL 346417 (N.D. Cal. Feb. 7, 2008) .........................6
25
   *Linney v. Cellular Alaska P'ship*,
26     C-96-3008 DLJ, 1997 WL 450064 (N.D. Cal. July 18, 1997),
27     *aff'd*, 151 F.3d 1234 (9th Cir. 1998).............................................................14

28

Page

*Molski v. Gleich*,
318 F.3d 937 (9th Cir. 2003) .................................................................................13

*Officers for Justice v. Civil Serv. Comm'n*,
688 F.2d 615 (9th Cir. 1982) .................................................................................15

*Pierce v. County of Orange*,
526 F.3d 1190 (9th Cir. 2008) ...............................................................................9

*Rodriguez v. West Publ'g Corp.*,
563 F.3d 948 (9th Cir. 2009) ...................................................................12, 13, 14

*Satchell v. Fed. Exp. Corp.*,
No. C 03–2659 SI, 2007 WL 1114010 (N.D. Cal. Apr. 13, 2007).........................15

*Torrisi v. Tucson Elec. Power Co.*,
8 F.3d 1370 (9th Cir. 1993) ...................................................................................16

*Vallabhapurapu v. Burger King Corp.*,
No. C 11-00667 WHA, Order Regarding Notice of Class Action and Proposed
Settlement and Setting Fairness Hearing Date (N.D. Cal. July 2, 2012)...............16

*Vallabhapurapu v. Burger King Corp.*,
No. C 11-00667 WHA, 2012 WL 2568183 (N.D. Cal. July 2, 2012) ......................6

*Wal-Mart Stores, Inc. v. Dukes*,
—— U.S. ——, 131 S. Ct. 2541 (2011)...................................................................7

**RULES**

Federal Rules of Civil Procedure
Rule 23.................................................................................................................1, 4
Rule 23(a)(1)...........................................................................................................7
Rule 23(a)(2)...........................................................................................................7
Rule 23(a)(3)...........................................................................................................8
Rule 23(a)(4)...........................................................................................................8
Rule 23(b)(3)........................................................................................................6, 9
Rule 23(c)(2)...........................................................................................................1
Rule 23(c)(2)(B)(v)..............................................................................................6, 8
Rule 23(e)...........................................................................................................1, 10
Rule 23(e)(1).........................................................................................................15
Rule 23(e)(2).........................................................................................................12
Rule 23(e)(4)...........................................................................................................6
Rule 23(g)...............................................................................................................8

1

2                                                                                    **Page**

3    **SECONDARY AUTHORITIES**

4    MANUAL FOR COMPLEX LITIGATION (FOURTH)

5          §21.632............................................................................................................6, 10
          §21.633...........................................................................................................10, 16

6          §21.634............................................................................................................10

7    4 William B. Rubenstein, Alba Conte & Herbert B. Newberg, NEWBERG ON CLASS

8          ACTIONS §11.25 (4th ed. 2010)..........................................................................6, 10

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

Please take notice that on November 1, 2012 at 8:00 a.m. in Courtroom 8 before the Honorable William H. Alsup, pursuant to Rule 23(c)(2) and (e) of the Federal Rules of Civil Procedure, Plaintiff hereby moves, unopposed, for preliminary approval of a class action settlement. This motion is made on the grounds that the parties have reached a settlement of this action for which preliminary approval is required.  A copy of the Settlement Agreement and exhibits thereto are attached to the accompanying memorandum in support as Exhibit 1.

This motion is based on this notice of motion, the accompanying memorandum, the Settlement Agreement and exhibits attached thereto as Exhibit 1, and the Declarations of plaintiff's lead counsel Mark Dearman and Seth Lehrman, attached to the memorandum as Exhibits 2 and 3, respectively. This motion is further based on the papers on file in this action and such oral or documentary evidence that may be presented at the hearing of this motion.

## I.     BACKGROUND OF LITIGATION AND SETTLEMENT

Plaintiff Colin Fraser ("Plaintiff") respectfully submits this memorandum in support of his Unopposed Motion for Preliminary Approval of Class Action Settlement under Rule 23(c)(2) and (e) of the Federal Rules of Civil Procedure.[1]   The parties resolved this Action after months of negotiation, exchanges of information, retention of a joint, independent expert, and the mediation expertise of Magistrate Judge Corley.

Plaintiff brought this putative class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of himself and all others similarly situated as a member of the following class (the "Class"): All United States residents who purchased an Asus Transformer Prime Eee TF-201 Tablet ("Transformer Prime") and who have not already returned their device for a full refund.  The Settlement Class excludes Asus; any entity in which Asus has a controlling interest; Asus' directors, officers, and employees; and Asus' legal representatives, successors, and assigns. In this case,

---

[1] Colin Fraser is the plaintiff in this Action; (the "Action"). Herbert V. Veith, Nicholas Balog, and Bill Vance are cooperating Class Members who spent a considerable amount of time and effort assisting Proposed Class Counsel in the preparation of a multi-state consolidated complaint which, due to the proposed settlement, was never filed.

1  Plaintiff challenges Defendants' actions in connection with their marketing, advertising, and sale of

2  the Transformer Prime, which Plaintiff alleged was defective.

3      Asus designed, manufactured, marketed, advertised, and warranted the Transformer Prime to

4  consumers nationwide.  In conjunction with each sale, Defendants marketed, advertised, and

5  warranted, among other things, that each Transformer Prime included a global positioning system

6  ("GPS"), satellite-based navigation, and wireless ("WiFi") capabilities, and was otherwise fit for the

7  ordinary purpose for which such goods are used and was free from defects in materials and

8  workmanship.  *See* Complaint [Dkt. No. 1].

9      More specifically, Plaintiff alleges that the Transformer Prime contains a defect that results

10  in the significant loss or reduction of GPS because it was designed and manufactured with a metallic

11  unibody design.  That is, the metallic properties of the design impede the performance of the GPS

12  when the device receives signals from satellites, and was reported to cause the WiFi to become

13  unreliable and weak.  Indeed, following several media reports and consumer complaints regarding

14  the problems with the GPS functionality on the Transformer Prime, Asus publicly acknowledged on

15  its Facebook page that the defect did, in fact, exist.

16      On this basis, Plaintiff alleged seven causes of action in his Complaint, including violations

17  of various common laws and California consumer protection laws.

18      **A.    Procedural History of the Action**

19      On February 9, 2012, Plaintiff filed the Action.  On April 30, 2012, Defendants filed a

20  comprehensive motion to dismiss attacking each and every cause of action and the viability of

21  proceeding with a nationwide class action [Dkt. No. 17].  On several occasions, counsel for the

22  parties met and conferred on the issues raised in the motion to dismiss, including an in-person

23  meeting held on April 18, 2012.  On May 4, 2012, Plaintiff filed a motion to be appointed as interim

24  class counsel [Dkt. No. 24] and on May 30, 2012, the Court entered an order temporarily appointing

25  Stuart A. Davidson and Mark Dearman of Robbins Geller Rudman & Dowd LLP, and Steven R.

26  Jaffe and Seth M. Lehrman of Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L., as Interim

27  Lead Counsel [Dkt. No. 36]. Subsequently, the parties requested an extension of the Interim Class

28  Counsel appointment and, with the approval of Magistrate Judge Corley, the Court extended the

1   temporary appointment until August 9, 2012 [Dkt. No. 39].  Thereafter, on August 9, 2012, the

2   parties filed a stipulation requesting a second extension of the Interim Class Counsel appointment to

3   permit counsel to file the instant motion, which the Court granted [Dkt. No. 43].

4         **B.**        **The Mediation Process with Judge Corley**

5         Once appointed as Interim Class Counsel and pursuant to guidance provided by this Court,

6   Plaintiff and Asus agreed to mediate the issues set forth in the Complaint before Magistrate Judge

7   Corley.  The settlement discussions included two in-person, arm's-length mediations along with

8   numerous telephonic settlement conferences.  The first in-person settlement conference took place

9   on June 7, 2012, and lasted several hours [Dkt. No. 37].  The second settlement conference took

10  place on July 20, 2012, and also lasted several hours [Dkt. No. 40].  Following both settlement

11  conferences, additional discussions and settlement negotiations were held between counsel for the

12  parties under the auspices of Judge Corley.

13        During the mediation process, Asus provided relevant documents and information to Plaintiff

14  regarding the core issues of the case, including causation, manufacturing, marketing, and sales data.

15  Additionally, Dominique M. Hanssens, Professor of Marketing at the UCLA Anderson School of

16  Management in Los Angeles, California, was jointly retained by counsel for the parties and, through

17  an independent expert report and opinion, assisted the parties in determining a range of reasonable

18  values for the loss of GPS functionality.  Dr. Hanssens opined that the reasonable range for the

19  monetary value of the defect of the GPS functionality in the Transformer Prime is $7.49 - $17.47 per

20  unit.  Thus, a $17.00 cash payment is at the top of the established range.

21        As to WiFi, documents received from Asus confirmed that the performance of the

22  Transformer Prime's WiFi is within a range of acceptable performance for tablets.  In addition, Asus

23  has agreed to provide additional discovery to Plaintiff on the WiFi issue prior to the hearing on

24  preliminary approval.

25        As a result of the exchange of documentation and information, the joint retention and opinion

26  of Professor Hanssens, and the expertise of Magistrate Judge Corley, the parties were able to reach

27  an agreement to resolve this Action on the evening of August 8, 2012, which was announced to the

28  Court on August 9, 2012.  The proposed Settlement Agreement is attached hereto as Exhibit 1.

This Court set the preliminary approval hearing for November 1, 2012, at 8:00 a.m.

C.      **Summary of the Proposed Settlement**[2]

The parties' Settlement Agreement proposes certification of a Settlement Class consisting of:

> All United States residents who purchased an Asus Transformer Prime Eee TF-201 Tablet and who have not already returned their device for a full refund. The Settlement Class excludes Asus; any entity in which Asus has a controlling interest; Asus' directors, officers, and employees; and Asus' legal representatives, successors, and assigns.

The parties estimate that there are over 130,000 members of the proposed Settlement Class.

### 1.      Individual Class Member Benefits

As more fully set forth in the Settlement Agreement (Ex. 1 hereto), the proposed settlement provides substantial benefits to proposed Class Members, including, but not limited to, the following:

**a.      Cash**

$17 Cash Payment to Eligible Settlement Class Members who file a valid, extremely simplified Claim Form.

**b.      Free Dongle**

A free Asus GPS extension kit or Dongle as described at http://event.asus.com/ASUSPad/TF201GPS/, which will remain available during the Claims Period.

### 2.      Notice

The parties' proposed notice plan is exceptionally robust and easily meets the requirements of due process and Rule 23. The Settlement Agreement recommends that notice of this proposed settlement be disseminated to proposed Settlement Class Members, at Asus' sole expense, as follows:

**a.      Mailing**

A copy of the Notice of Pendency and Proposed Settlement of Class Action, substantially in the form attached to the Settlement Agreement as Exhibit A (the "Class Notice"), together with the Claim Form (including the Instructions, Claim Form, and Release), substantially in the form attached to the Settlement Agreement as Exhibit C, shall be posted and available for download on a Settlement Website, and shall be mailed at no charge to Class Members who call a toll-free number to be established at Asus' expense ("Toll-Free Number"). This information shall remain available on the Settlement Website until the last day of the Claims Period. All costs

---

[2] All terms herein are given the same meaning as defined in the parties' Settlement Agreement.

and expenses associated with complying with this provision shall be borne exclusively by Asus.

### b. Pushed to Device

Asus shall also send Notice to each Class Member, by pushing a copy of the Summary Notice substantially in the form attached to the Settlement Agreement as Exhibit B to each Class Member's Transformer Prime Tablet. The Summary Notice shall: (i) notify Settlement Class Members about the benefits available through the settlement; (ii) provide the Settlement Website address with a description that the Class Notice and Claim Form are available on the Settlement Website; (iii) provide the Toll-Free Number where Settlement Class Members can call to obtain a Class Notice and Claim Form; and (iv) inform Settlement Class Members of the Asus Dongle Program described in Section C(1)(b) above. All costs and expenses associated with complying with this provision shall be borne exclusively by Asus.

### c. Internet

Asus shall cause a copy of the Summary Notice to be published on its own website and Facebook page. A Settlement Website will also be established on the Internet where Class Members may view and download the Settlement Notice and Claim Form and obtain answers to Frequently Asked Questions.

### D. Actions Requested of the Court

By this motion, Plaintiff respectfully requests the Court to enter a Conditional Approval Order granting preliminary approval of the proposed settlement in the form accompanying this motion, which is substantially in the form attached as Exhibit D to the Settlement Agreement. That Order would authorize the tasks necessary to allow the proposed settlement approval process to commence. Those tasks include: (1) conditionally certifying the proposed Settlement Class; (2) preliminarily approving the Settlement Agreement; (3) approving and authorizing dissemination of Class Notice to the proposed Settlement Class Members; (4) establishing a schedule by which Settlement Class Members may exclude themselves from the Settlement Class or object to any aspect of the proposed settlement; (5) appointing Class Counsel and the Class Representative; and (6) setting a date for a Fairness Hearing.[3]

---

[3] Proposed Class Counsel is not requesting the Court to consider attorneys' fees or reimbursement of expenses at preliminary approval. Instead, Proposed Class Counsel will seek an award of attorneys' fees and expenses after the Claims Period has expired and on the Final Approval Hearing Date.

## II.   THE COURT SHOULD PRELIMINARILY CERTIFY THE PROPOSED SETTLEMENT CLASS

Plaintiff requests that the Court provisionally certify this Action as a class action under Rule 23(b)(3) for the purpose of settlement.  This Court has recently articulated the standard for class certification in connection with a motion for preliminary approval of a class action settlement:

> "A party seeking class certification must affirmatively demonstrate his compliance with [Rule 23]—that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, —— U.S. ——, 131 S. Ct. 2541, 2551, 180 L. Ed. 2d 374 (2011) (emphasis in original).  The party seeking class certification bears the burden of showing that each of the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b) are met. *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1022 (9th Cir. 1998).  Pursuant to Rule 23(a), for a named plaintiff to obtain class certification, the court must find: (1) numerosity of the class, (2) common questions of law or fact, (3) that the named plaintiff's claims and defenses are typical of the claims or defenses of the class, and (4) that the named plaintiff and plaintiff's counsel can adequately protect the interests of the class.

*Vallabhapurapu v. Burger King Corp.*, No. C 11-00667 WHA, 2012 WL 2568183, at *2 (N.D. Cal. July 2, 2012)  (Alsup, J.).[4]

That is, "[t]he judge should make a preliminary determination that the proposed class satisfies the criteria set out in Rule 23(a) and at least one of the subsections of Rule 23(b)." MANUAL FOR COMPLEX LITIGATION (FOURTH) §21.632; *see also* 4 William B. Rubenstein, Alba Conte & Herbert B. Newberg, NEWBERG ON CLASS ACTIONS §11.25 (4th ed. 2010).

Provisional certification is an appropriate device where an agreement to settle occurs before a class is certified for litigation.  *See*, *e.g.*, *Jaffe v. Morgan Stanley & Co., Inc.*, No. C-06-3903 TEH, 2008 WL 346417, at *2-*3 (N.D. Cal. Feb. 7, 2008); *In re Portal Software, Inc. Sec. Litig.*, No. C-03-5138 VRW, 2007 WL 1991529, at *2-*3 (N.D. Cal. June 30, 2007).  Although Asus would, if class certification were contested on the merits, argue otherwise, the parties have agreed for purposes of settlement that the proposed Settlement Class may be certified under Rule 23(b)(3).  The Settlement Agreement and the proposed notices provide that Settlement Class Members will have the opportunity to exclude themselves from the Settlement Class as Rules 23(c)(2)(B)(v) and 23(e)(4) require.

---

[4] Internal citations and quotations omitted and emphasis added, unless otherwise noted.

## A. The Numerosity Requirement Is Met

Rule 23(a)(1) allows a class action to be maintained if "joinder of all members is impracticable" owing, in primary part, to the large number of people in the proposed class. Fed. R. Civ. P. 23(a)(1); *see also Hanlon*, 150 F.3d at 1019. Generally, the numerosity requirement is satisfied when the class comprises 40 or more members. *Celano v. Marriot Int'l, Inc.*, 242 F.R.D. 544, 549 (N.D. Cal. 2007). Here, Defendants sold 133,306 Transformer Prime tablets, not including returned units, in the United States. Size renders joinder impracticable here, and, Plaintiff believes, satisfies the numerosity requirement. *See Hanlon*, 150 F.3d at 1019.

## B. The Commonality Requirement Is Met

Rule 23(a)(2) allows a class action to be maintained if "there are questions of law or fact common to the class." "The existence of shared legal issues with divergent factual predicates is sufficient, as is a common core of salient facts coupled with disparate legal remedies within the class." *Hanlon*, 150 F.3d at 1019. Here, all proposed Class Members are Transformer Prime owners.

Plaintiff alleges the same legal theories for all proposed Class Members:

(a) whether Defendants were negligent in the design, manufacturing, and distribution of the Transformer Prime;

(b) whether the Transformer Prime designed, manufactured, marketed, distributed, or sold by Defendants was unfit for its intended purpose and use because of its design;

(c) whether Defendants breached any warranties in selling the Transformer Prime;

(d) whether Defendants intentionally or negligently misrepresented material facts relating to the character and quality of the Transformer Prime;

(e) whether Defendants engaged in false or deceptive advertising;

(f) whether Defendants knew that their representations were false, misleading, and reasonably likely to deceive but continued to disseminate them;

(g) whether Defendants violated various state consumer protection laws as set forth herein;

1      (h)      whether Defendants were unjustly enriched by its acts complained of herein;

2      (i)      whether Plaintiff and the Class have sustained monetary loss and the proper

3  measure of that loss;

4      (j)      whether Plaintiff and the Class are entitled to punitive damages; and

5      (k)      whether Plaintiff and the Class Members are entitled to declaratory and

6  injunctive relief.

7  Thus, these common contentions are "capable of classwide resolution." *Dukes*, 131 S. Ct. at 2551.

8  Accordingly, Plaintiff believes the commonality requirement is satisfied.

9      **C.      The Typicality Requirement Is Met**

10     Rule 23(a)(3) requires that "the claims or defenses of the representative parties [must be]

11  typical of the claims or defenses of the class."  "The test of typicality is whether other members have

12  the same or similar injury, whether the action is based on conduct which is not unique to the named

13  plaintiffs, and whether other class members have been injured by the same course of conduct."

14  *Hanon v. Dataproducts Corp.*, 976 F.2d 497, 508 (9th Cir. 1992).  "[U]nder the rule's permissive

15  standards, representative claims are 'typical' if they are reasonably co-extensive with those of absent

16  class members; they need not be substantially identical."  *Hanlon*, 150 F.3d at 1020.

17     Here, Plaintiff, as the proposed Class Representative, testified at deposition that he

18  experienced difficulties using the Transformer Prime's GPS and WiFi and shares an interest in

19  redressing those claims with all proposed Class Members.  Thus, Plaintiff believes his claims are

20  typical of those of the proposed Settlement Class, and Fed. R. Civ. P. 23(a)(3) is met.

21     **D.      Plaintiff and Class Counsel Are Adequate**

22     Finally, Rule 23(a)(4) and Rule 23(g) together require that the named plaintiff and proposed

23  class counsel be able to "fairly and adequately protect the interests of the class."  "Resolution of two

24  questions determines legal adequacy: (1) do the named plaintiffs and their counsel have any conflicts

25  of interest with other class members and (2) will the named plaintiffs and their counsel prosecute the

26  action vigorously on behalf of the class?"  *Hanlon*, 150 F.3d at 1020.

27     Here, neither Plaintiff nor his counsel have any interests antagonistic to the proposed

28  Settlement Class.  Furthermore, Plaintiff and Proposed Class Counsel have vigorously prosecuted

1   this Action on behalf of the proposed Settlement Class, including filing and service of the lawsuit,

2   filing initial disclosures, initiating and engaging in arm's-length settlement negotiations with defense

3   counsel, requesting confidential documents and data from Asus, analyzing the documents and data

4   Asus provided, retention of a joint expert with Asus, and moving the Action forward to excellent

5   resolution.  The attorneys who represent the proposed Class Representative are well-qualified to

6   serve as Class Counsel and indeed have handled similar nationwide high technology class actions to

7   successful resolution in the past.  The qualifications and experience of Proposed Class Counsel are

8   set forth in the Declarations of Mark Dearman and Seth Lehrman, attached hereto as Exhibits 2 and

9   3, respectively.

10   **E.      The Proposed Settlement Class Meets the Requirements of Rule
          23(b)(3)**

11

12          Once subsection (a) prerequisites are satisfied, Fed. R. Civ. P. 23(b)(3) provides that a class

13   action can be maintained where the questions of law and fact common to members of the class

14   predominate over any questions affecting only individuals, and the class action mechanism is

15   superior to the other available methods for the fair and efficient adjudication of the controversy.

16   *Pierce v. County of Orange*, 526 F.3d 1190, 1197 n.5 (9th Cir. 2008).  Because settlement is

17   proposed, the Court need not consider manageability.  *See Amchem Prods., Inc. v. Windsor*, 521 U.S.

18   591, 620 (1997) ("Confronted with a request for settlement-only class certification, a district court

19   need not inquire whether the case, if tried, would present intractable management problems, for the

20   proposal is that there be no trial.").

21          The predominance inquiry looks to whether a proposed class is sufficiently cohesive to

22   warrant adjudication by representation.  *Id*. at 623.  Common issues predominate where a common

23   nucleus of facts and potential legal remedies dominate the litigation.  *See Chamberlan v. Ford Motor*

24   *Co.*, 402 F.3d 952, 962 (9th Cir. 2005).  Here, Plaintiff's claims arise out of the same set of operative

25   facts and are premised on the same legal theories.  For settlement purposes, where the manageability

26   of trying the case need not be considered, the predominance requirement is satisfied.

27          In addition, a class action is superior to any other method available to fairly, adequately, and

28   efficiently resolve the proposed Settlement Class Members' claims.  Without a class action, most

1    would find litigation costs prohibitive, and if they did sue in large numbers, multiple individual

2    actions would be an inefficient use of the Court's and parties' resources.  Accordingly, Plaintiff

3    believes a class action is the superior method of adjudicating this controversy.

**III.    THE COURT SHOULD PRELIMINARILY APPROVE THE**
**SETTLEMENT AGREEMENT AS "FAIR, REASONABLE, AND**
**ADEQUATE" UNDER FED. R. CIV. P. 23(e)(2)**

6          Following certification for settlement purposes, Rule 23(e) requires that the Court make a

7    preliminary determination of fairness:

> Review of a proposed class action settlement generally involves two hearings. First,
> counsel submit the proposed terms of settlement and the judge makes a preliminary
> fairness evaluation.  In some cases, this initial evaluation can be made on the basis of
> information already known, supplemented as necessary by briefs, motions, or
> informal presentations by the parties.   If the case is presented for both class
> certification and settlement approval, the certification hearing and preliminary
> fairness evaluation can usually be combined. … The judge must make a preliminary
> determination on the fairness, reasonableness, and adequacy of the settlement terms
> and must direct the preparation of notice of the certification, proposed settlement,
> and date of the final fairness hearing.

MANUAL FOR COMPLEX LITIGATION (FOURTH) §21.632; see also 4 NEWBERG ON CLASS ACTIONS

§11.25.

16          After the preliminary fairness evaluation has been made, the class has been certified for

17    settlement purposes, and notice has been issued, the Court holds a Fairness Hearing to show that the

18    proposed settlement is truly fair, reasonable, and adequate.  See MANUAL FOR COMPLEX LITIGATION

19    (FOURTH) §21.633-34; 4 NEWBERG ON CLASS ACTIONS §11:25.

20          Preliminary approval requires only that the Court evaluate whether the proposed settlement:

21    (1) was negotiated at arm's-length, and (2) is within the range of possible litigation outcomes such

22    that "probable cause" exists to disseminate notice and begin the formal fairness process.  See

23    MANUAL FOR COMPLEX LITIGATION (FOURTH) §21.632-33.  The Ninth Circuit has identified a

24    number of factors used to assess whether a settlement proposal is fundamentally fair, adequate, and

25    reasonable:  (1) the strength of the plaintiffs' case and the risk, expense, complexity, and likely

26    duration of further litigation; (2) the amount offered in settlement; (3) the extent of discovery

27    completed and the stage of the proceedings; (4) the experience and views of counsel; (5) the reaction

28    of the class members to the proposed settlement; and (6) any collusion between the parties. See In re

MEMORANDUM IN SUPPORT OF PLAINTIFF'S UNOPPOSED MOTION FOR PRELIMINARY
APPROVAL OF CLASS ACTION SETTLEMENT - 12-cv-00652-WHA                                    - 10 -

1    *Mego Fin. Corp. Sec. Litig.*, 213 F.3d 454, 458-60 (9th Cir. 2000). To preliminarily assess the

2    reasonableness of the parties' proposed settlement, the Court should review both the substance of the

3    deal and the process utilized to arrive at the settlement. *See In re Tableware Antitrust Litig.*, 484 F.

4    Supp. 2d 1078, 1080 (N.D. Cal. 2007) ("preliminary approval . . . has both a procedural and a

5    substantive component"). Each relevant factor supports the conclusion that the proposed settlement

6    is fundamentally fair, adequate, and reasonable.

7        **A.    The Strength of Plaintiff's Case and the Risk, Expense, Complexity,
                  and Likely Duration of Further Litigation**

8

9            The heart of Plaintiff's claim is that Asus' Transformer Prime contains a defect that results in

10   the reduction and/or elimination of GPS and that the WiFi reception and performance can be

11   intermittent or weak. While Plaintiff and Proposed Class Counsel believe that their claims are

12   meritorious and qualify for litigation on a class-wide basis, Asus has raised and would continue to

13   raise challenges to the claims' legal and factual bases, as well as the propriety of class certification.

14   Although the parties differ as to the likelihood of Plaintiff ultimately prevailing on his motion for

15   class certification and after judgment and appeal, it is apparent that the proposed Class has some risk

16   with proceeding to litigate.

17           By contrast, the proposed settlement immediately provides the certainty of valuable benefits

18   to the proposed Class Members. Among other benefits, the proposed settlement offers all proposed

19   Class Members $17.00 in cash and the right to receive a free "dongle" for an additional three months

20   following the Notice Date. *See, supra*, at 3.

21           If this case is not settled, it would be necessary to continue prosecuting the litigation through

22   class certification, a trial and, even if successful there, through a potential appeal. There is certainty

23   that any potential benefits to the proposed Class would be delayed for months or years if the case

24   proceeds in litigation.

25           This Settlement Agreement, like all settlements, strikes a balance between the maximum

26   possible recovery that the proposed Class might obtain by pursuing litigation to the very end, and the

27   risk of failing to obtain any recovery should Asus prevail in litigation. In determining whether the

28   terms of this Settlement Agreement are sufficiently fair, adequate, and reasonable to justify the

1   dissemination of Class Notice and the scheduling of a Fairness Hearing, the Court need only inquire

2   at this juncture whether the consideration provided to the proposed settlement falls within the

3   reasonable range of settlement "by considering the likelihood of a plaintiffs' or defense verdict, the

4   potential recovery, and the chances of obtaining it, discounted to present value." *Rodriguez v. West*

5   *Publ'g Corp.*, 563 F.3d 948, 965 (9th Cir. 2009) (citing MANUAL FOR COMPLEX LITIGATION

6   (FOURTH) §21.62).  The answer to that question is most certainly "yes."

7       The advantages to the proposed Class Members of approving the proposed settlement and

8   quickly distributing to them the consideration provided exceeds what is likely to occur should this

9   case proceed on a litigation track.  For this reason, the strength of Plaintiff's case and the risk,

10   expense, complexity, and likely duration of further litigation suggest that the proposed Settlement

11   Agreement is fair, reasonable, and adequate under Fed. R. Civ. P. 23(e)(2).

12       **B.     The Amount Offered in Settlement**

13       In light of the uncertainties of litigation, the value of the proposed settlement offer is

14   certainly adequate, if not excellent.  Asus will provide all proposed eligible Settlement Class

15   Members a $17.00 cash payment, which is at the very high end of the range of diminution of value

16   of the Transformer Prime with the GPS defect as opined by Professor Hanssens.  Plaintiff's

17   counsel's preliminary investigation  reflects that the dongle's retail value exceeds $10 and Plaintiff

18   has requested additional discovery to corroborate the accuracy of this preliminary estimate.  As

19   noted, the cash portion of the settlement was selected, in part, based on the independent analysis

20   performed by Dr. Hanssens, who assisted the parties in determining a range of reasonable values for

21   the loss of GPS functionality and prepared an independent report regarding same.  Dr. Hanssens

22   opined that the reasonable range for the monetary value of the defect of the GPS functionality in the

23   Transformer Prime is $7.49 - $17.47. The $17.00 cash payment is at the top of this range.

24       **C.     The Scope of Release**

25       The scope of release is sufficiently narrow.  Settlement Class Members who do not opt out of

26   the settlement will release only those claims that were asserted in the instant Action.

27

28

1   **D.      The Extent of Discovery Completed and the Stage of Proceedings**

2          The amount of discovery obtained prior to settlement is a factor in determining the fairness of

3   settlement.  *See Molski v. Gleich*, 318 F.3d 937, 953 (9th Cir. 2003), cited in *Rodriguez*, 563 F.3d at

4   963 ("the extent of discovery completed and the stage of the proceedings" are factors in considering

5   the fairness of a proposed settlement).  Here, as the courts have repeatedly encouraged, the parties

6   reached settlement relatively early in the litigation.  *See Franklin v. Kaypro Corp.*, 884 F.2d 1222,

7   1225 (9th Cir. 1989) ("In general, the policy of federal courts is to promote settlement before trial.

8   'Since it obviously eases crowded court dockets and results in savings to the litigant*s* and the judicial

9   system, settlement should be facilitated at as early a stage of the litigation as possible.'") (citing Fed.

10  R. Civ. P. 16(c), advisory committee note); *In re M.D.C. Holdings Sec. Litig.*, No. CV89–0090 E

11  (M), 1990 WL 454747, at *7 (S.D. Cal. Aug. 30, 1990) ("The judicial system and the public benefit

12  from such prompt resolution of complex, potentially protracted litigation. Early resolution of

13  complex cases is therefore much to be desired. It avoids having the court deal with all the problems a

14  protracted, complex case can create and frees its resources so that other matters can be processed

15  more expeditiously. Early settlements benefit everyone involved in the process and everything that

16  can be done to encourage such settlements—especially in complex class action cases—should be

17  done.").

18         Nevertheless, Plaintiff's counsel did, in fact, obtain hundreds of pages of detailed

19  confidential information regarding the Transformer Prime's design, testing, and sales, among other

20  things, from a confidential information exchange during settlement negotiations with defense

21  counsel that began in April 2012 and continued for months thereafter.  In addition, prior to the

22  preliminary hearing, Asus will provide additional confirmatory discovery in order to continue to

23  confirm the fairness, reasonableness, and adequacy of the proposed settlement, which such discovery

24  shall include, but not be limited to: (1) class size; (2) the Dongle and the Asus Dongle Program; and

25  (3) WiFi-related issues. This discovery will be completed before the November 1, 2012 preliminary

26  approval hearing date.

27

28

1

**E.       The Experience and Views of Counsel**

2            Proposed Class Counsel believe, based on their extensive past experience in class action

3    cases, that the proposed settlement, rather than continued litigation, is undoubtedly the best option

4    for the proposed Settlement Class.  To be sure, it is unlikely that Plaintiff and Proposed Class

5    Counsel would be able to obtain much more from a trial than the Class will receive in this proposed

6    settlement, as $17.00 in cash is at the high end of the range of values for the GPS defect.

7            Proposed Class Counsel's collective experience suggests that the parties' settlement is a

8    strong result for the proposed Class and warrants the Court's approval.   Proposed Class Counsel's

9    support for the proposed settlement confers a presumption of correctness.  *See Rodriguez*, 563 F.3d

10   at 965 ("This circuit has long deferred to the private consensual decision of the parties.") (citing

11   *Hanlon*, 150 F.3d at 1027). *See also Linney v. Cellular Alaska P'ship*, C-96-3008 DLJ, 1997 WL

12   450064, at *5 (N.D. Cal. July 18, 1997) ("The involvement of experienced class action counsel and

13   the fact that the settlement agreement was reached in arm's length negotiations, after relevant

14   discovery had taken place create a presumption that the agreement is fair."), *aff'd*, 151 F.3d 1234

15   (9th Cir. 1998); *Duhaime v. John Hancock Mut. Life. Ins. Co.*, 177 F.R.D. 54, 68 (D. Mass. 1997)

16   (settlement is presumed fair where it is the product of arm's-length negotiations); *In re Orthopedic*

17   *Bone Screw Prods. Liab. Litig.*, 176 F.R.D. 158, 184 (E.D. Pa. 1997) ("Significant weight should be

18   attributed 'to the belief of experienced counsel that the settlement is in the best interest of the

19   class.'") (quoting *Austin v. Pa. Dep't of Corrections*, 876 F. Supp. 1437, 1472 (E.D. Pa. 1995)).

20           Proposed Class Counsel are experienced class action litigators who have successfully

21   litigated complex high-tech oriented cases in the past.  After weighing the risks and benefits

22   associated with litigating this case, Proposed Class Counsel reached the opinion that proposed

23   settlement is in the best interest of the proposed Class.  (*See* Declarations of Mark Dearman and Seth

24   Lehrman, attached hereto as Exhibits 2 and 3, respectively.)   The Court should afford that

25   determination considerable weight.  *See id.* at 20-21.  Therefore, this factor weighs in favor of

26   preliminarily approving the terms of the proposed settlement.

27

28

**F.      The Reaction of Proposed Class Members to the Proposed Settlement**

The reaction of the Class Members to the proposed settlement is not as meaningful a consideration when the Court is determining whether to preliminarily approve settlement because notice has not been issued and Class Members are, as yet, unaware of the proposed settlement.  Class Members will receive substantial, direct notice of the proposed settlement if it is preliminarily approved, and will have every opportunity to voice their opinions on every single aspect of the proposed settlement.

**G.      Lack of Collusion Between the Parties**

The trial court's evaluation of the settlement "must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned."  *Officers for Justice v. Civil Serv. Comm'n*, 688 F.2d 615, 625 (9th Cir. 1982).   As discussed above, the proposed settlement is the product of extensive arms-length negotiations among well-informed, sophisticated counsel.  Attorneys' fees were **never** discussed and will not be discussed until after the Claims Period, selected by the parties and approved by the Court, expires.  Both sides demonstrated by their actions that they are prepared to litigate this case through final judgment, if no acceptable resolution could be reached.  In short there can be no question of any collusion.  Settlement negotiations were a drawn-out process over many months, utilizing the expertise and services of Magistrate Judge Corley, who has the parties' sincere thanks and appreciation for her hard efforts.  *See generally Satchell v. Fed. Exp. Corp.*, No. C 03–2659 SI, 2007 WL 1114010, at *4 (N.D. Cal. Apr. 13, 2007) ("The assistance of an experienced mediator in the settlement process confirms that the settlement is non-collusive.").

**IV.     THE PROPOSED NOTICE IS ADEQUATE AND SHOULD BE APPROVED**

Rule 23(e)(1) provides that "[t]he court must direct notice in a reasonable manner to all class members who would be bound by the proposal."   The MANUAL FOR COMPLEX LITIGATION recommends that "[o]nce the judge is satisfied as to the certifiability of the class and the results of the initial inquiry into the fairness, reasonableness, and adequacy of the settlement, notice of a

1  formal Rule 23(e) fairness hearing is given to the class members.  For economy, the notice under

2  Rule 23(c)(2) and the Rule 23(e) notice are sometimes combined."  MANUAL FOR COMPLEX

3  LITIGATION (FOURTH) §21.633.  Combined notice helps to avoid confusion that separate notifications

4  of certification and settlement may produce.  In evaluating a notice program, therefore, the relevant

5  question is "whether the class as a whole had notice adequate to flush out whatever objections might

6  reasonably be raised to the settlement."  *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th

7  Cir. 1993).

8        Here, the proposed notice plan mirrors the notice plan recently approved by this Court in the

9  Burger King litigation, if not exceeds its reach.  *See  Vallabhapurapu v. Burger King Corp.*, No. C

10  11-00667 WHA, Order Regarding Notice of Class Action and Proposed Settlement and Setting

11  Fairness Hearing Date (N.D. Cal. July 2, 2012) (Alsup. J.).

12        The proposed notice plan in this case is to disseminate notice to the Class by Push Notice and

13  by publication on the Internet.  Copies of the various Notice forms are attached to the Settlement

14  Agreement (Ex. 1 hereto) as Exhibits A to C.  The electronic Settlement Notice will be made

15  available via the Internet on a Settlement Website, on Asus' website, and on Asus' Facebook page.

16  The electronic notices will provide recipients with a link to the full notices posted on the Settlement

17  Website and a Toll-Free Number for more information or to obtain a mailed copy.  And perhaps

18  more importantly, the Push Notice will be sent directly to each member of the Settlement Class who

19  continues to own and use their Transformer Prime, which they would have purchased within the past

20  year.  The Court should, therefore, approve the proposed Notice and notice plan.[5]

21  **V.     THE COURT SHOULD ADOPT THE PARTIES' PROPOSED SCHEDULE**
   **FOR CONSIDERING FINAL APPROVAL OF THE SETTLEMENT**

22

23        The parties propose to the Court a schedule that is reasonably expeditious, yet gives all

   interested persons a full opportunity to learn about the proposed settlement and have their views
24
   considered.  The parties request that all notices be completed no later than December 5, 2012 or 30
25
   days after the entry of a Conditional Approval Order.  The parties further request that opening briefs
26

27  [5] Asus has further agreed to provide CAFA notice to the appropriate state authorities following
   preliminary approval.
28

1    in support of final approval of the proposed settlement be filed no later than February 13, 2012 or 30

2    days prior to the Final Approval Hearing date and that Class Members' objections and exclusions be

3    filed no later than 21 days before the Final Approval Hearing date.  Finally, Plaintiff respectfully

4    requests an opportunity to file reply briefs addressing any objections ten days prior to the Final

5    Approval Hearing date.

6    **VI.      CONCLUSION**

7           For the reasons discussed above, Plaintiff requests that the Court enter the Conditional

8    Approval Order served herewith, which is substantially in the form attached as Exhibit D to the

9    Settlement Agreement (Ex. 1 hereto).

10    DATED:  October 1, 2012                    ROBBINS GELLER RUDMAN
                                                   & DOWD LLP
11                                               PAUL J. GELLER
                                                 STUART A. DAVIDSON (*pro hac vice*)
12                                               MARK DEARMAN (*pro hac vice*)
                                                 BAILIE L. HEIKKINEN
13                                               KATHLEEN L. BARBER

14

15                                                      *s/Mark Dearman*
                                                      MARK DEARMAN
16
                                                 120 East Palmetto Park Road, Suite 500
17                                               Boca Raton, FL  33432
                                                 Telephone:  561/750-3000
18                                               561/750-3364 (fax)

19

20

21

22

23

24

25

26

27

28

1

2        ROBBINS GELLER RUDMAN
            & DOWD LLP
3        SHAWN A. WILLIAMS
         DENNIS J. HERMAN
4        Post Montgomery Center
         One Montgomery Street, Suite 1800
5        San Francisco, CA  94104
         Telephone:  415/288-4545
6        415/288-4534 (fax)

7        FARMER, JAFFE, WEISSING, EDWARDS,
            FISTOS & LEHRMAN, P.L.
8        STEVEN R. JAFFE (*pro hac vice*)
         SETH M. LEHRMAN
9        MARK FISTOS
         425 North Andrews Avenue, Suite 2
10       Fort Lauderdale, FL 33301
         Telephone:  954/524-2820
11       954/524-2822 (fax)

12       Attorneys for Plaintiff

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**<u>CERTIFICATE OF SERVICE</u>**

I hereby certify that on October 1, 2012, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on October 1, 2012.

*s/ Mark Dearman*
MARK DEARMAN

ROBBINS GELLER RUDMAN
  & DOWD LLP
120 East Palmetto Park Road, Suite 500
Boca Raton, FL  33432
Telephone:  561/750-3000
561/750-3364 (fax)
E-mail:mdearman@rgrdlaw.com
