IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| COLIN FRASER, individually and on behalf of all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>ASUS COMPUTER INTERNATIONAL, a California Corporation, and ASUSTEK COMPUTER, INC., a Taiwanese Corporation,<br><br>Defendants. | / | No. C 12-00652 WHA<br><br>**ORDER RE SECOND MOTION FOR PRELIMINARY APPROVAL OF SETTLEMENT AND VACATING HEARING** |

## INTRODUCTION

In this putative consumer class action brought on behalf of consumers who purchased defendants Asus Computer International and Asustek Computer, Inc.'s tablet computer, plaintiff has filed a renewed motion for conditional certification of a class for settlement purposes and preliminary approval of the settlement. For the reasons stated below, the motion is **GRANTED**.

## STATEMENT

This action was filed by plaintiff Colin Fraser on behalf of himself and all other United States residents who purchased an Asus Transformer Prime Eee TF201 Tablet. The facts have been set forth in previous orders (see Dkt. No. 61) and need not be repeated here. Briefly, the complaint alleges that the TF201 tablet contains a defect that results in loss or reduction in global positioning system ("GPS") and wireless ("Wifi") functionality.

By order dated December 21, 2012, plaintiff's unopposed motion for preliminary approval of a settlement and certification of a settlement class was denied (Dkt. No. 61). The order noted several deficiencies with the proposed settlement, including the fact that all class members would be bound by the settlement, even if they had not timely received notice or submitted a claim form. Another concern was the proposed form of notice, which was to be accomplished primarily via a "push" notification sent by Asus to the TF201 devices themselves.

Following denial of the first motion for preliminary approval, the parties continued settlement discussions under the supervision of Magistrate Judge Jacqueline Corley. Plaintiff has now filed a new motion for certification of a class for settlement purposes and preliminary approval of a revised class action settlement. Defendant has filed a statement of non-opposition in support of the proposed settlement. Defendant further contends that because the proposed settlement is on a claims-made basis, and plaintiff's counsel has agreed not to seek attorney's fees beyond its actual and reasonable fees and costs, there is no need for a final fairness hearing. For the reasons stated below, the motion is, to the following extent, **GRANTED**. The hearing scheduled for February 21 is **VACATED**.

## ANALYSIS

### 1. CERTIFICATION OF A SETTLEMENT CLASS.

"A party seeking class certification must affirmatively demonstrate his compliance with [Rule 23] — that is, he must be prepared to prove that there are *in fact* sufficiently numerous parties, common questions of law or fact, etc." *Wal-Mart Stores, Inc. v. Dukes*, — U.S. —, 131 S. Ct. 2541, 2551 (2011) (emphasis in original). In determining whether class certification is appropriate, the party seeking class certification bears the burden of showing that each of the four requirements of Rule 23(a) and at least one of the requirements of Rule 23(b) are met. *See Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1019–22 (9th Cir. 1998). Pursuant to Rule 23(a), for a named plaintiff to obtain class certification, a court must find: (1) numerosity of the class; (2) that common questions of law or fact predominate; (3) that the named plaintiff's claims and defenses are typical; and (4) that the named plaintiff can adequately protect the interests of the class. In the instant case, plaintiff seeks to certify a class under Rule 23(b)(3). Certification

under Rule 23(b)(3) requires that the court find "that the questions of law or fact common to class members predominate over any questions affecting only individual members, and that a class action is superior to other available methods for fairly and efficiently adjudicating the controversy."

Counsel seeks to certify a class comprised of all United States residents who purchased an Asus TF201 tablet between December 1, 2011, and February 19, 2013, and who have not already returned their device for a full refund.

### A. Rule 23(a)(1): Numerosity.

The numerosity requirement of Rule 23(a)(1) is satisfied when joinder of individual plaintiffs would be impracticable. The parties jointly retained an expert, Dr. Hanssens, to evaluate the value of the GPS functionality to TF201 users. Dr. Hanssens reported that, based on sales data provided by Asus, net sales (accounting for returns) through May 2012 was 133,306 devices (Hanssens Decl., Exh. C). This order finds that plaintiff has satisfied its burden regarding numerosity.

### B. Rule 23(a)(2): Commonality.

A class has sufficient commonality under Rule 23(a)(2) if "there are questions of law or fact common to the class." Rule 23(a)(2) does not require each member in a class to have identical factual and legal issues surrounding his or her claim. "The existence of shared legal issues with divergent factual predicates is sufficient" to meet the requirements of Rule 23(a)(2). *Hanlon*, 150 F.3d at 1019. Here, the claims of each class member regarding the GPS and Wifi functionality of the TF201 product and Asus' liability therefor are common to the class. Accordingly, this requirement is satisfied.

### C. Rule 23(a)(3)–(4): Typicality and Adequacy.

The typicality requirement of Rule 23(a)(3) is satisfied when "the claims or defenses of the representative parties are typical of the claims or defenses of the class." A plaintiff's claims are typical if they "are reasonably co-extensive with those of absent class members; they need not be substantially identical." *Hanlon*, 150 F.3d at 1020.

3

Rule 23(a)(4) requires that "the representative parties will fairly and adequately protect the interests of the class." Determining whether the representative parties will do so involves two inquiries: (1) do the named plaintiff and his counsel have any conflicts of interest with other class members, and (2) will the named plaintiff and his counsel act vigorously on behalf of the class? *See Lerwill v. Inflight Motion Pictures, Inc.*, 582 F.2d 507, 512 (9th Cir. 1978). Accordingly, "a class representative must be part of the class and possess the same interest and suffer the same injury as the class members." *East Tex. Motor Freight Sys. Inc. v. Rodriguez*, 431 U.S. 395, 403 (1977) (citations and quotation marks omitted).

Named plaintiff Colin Fraser is a consumer who purchased the device at issue. His claims arise from the same factual bases applicable to all class members, namely an alleged defect in the TF201 that resulted in poor GPS and/or Wifi functionality.

Declarations of plaintiff's counsel Attorneys Mark Dearman and Seth Lehrman establish that counsel has investigated and prosecuted this case to effectively advance the interests of class members (Dkt. Nos. 46-2 and 46-3). The parties represent that counsel for plaintiff have received discovery from Asus regarding sales, refunds, repairs, and customer complaints related to the TF201; Asus has also provided documentation that demonstrates that Wifi functionality in the TF201 is acceptable in comparison to other tablet devices. Plaintiff and his counsel thus satisfy the typicality and adequacy requirements of Rule 23.

### D. Rule 23(b)(3): Predominance.

The predominance requirement of Rule 23(b)(3) is more stringent than the commonality requirement of Rule 23(a)(2). The analysis under Rule 23(b)(3) "presumes that the existence of common issues of fact or law have been established pursuant to Rule 23(a)(2)." In contrast, "Rule 23(b)(3) focuses on the relationship between the common and individual issues." Class certification under Rule 23(b)(3) is proper when common questions present a significant portion of the case and can be resolved for all members of the class in a single adjudication. *Hanlon*, 150 F.3d at 1022. In addition, Rule 23(b)(3) asks whether the class action device would be "superior to other available methods for fairly and efficiently adjudicating the controversy." As discussed above, the claims of the class members regarding the particular functionality of the TF201 device

4

at issue here are the same. Moreover, a class action is a superior method for adjudicating this action, as "recovery on an individual basis would be dwarfed by the cost of litigating on an individual basis." *Wolin v. Jaguar Land Rover North Am., LLC*, 617 F.3d 1168, 1175 (9th Cir. 2010).

### 2. REVISED SETTLEMENT AGREEMENT.

"A settlement should be approved if 'it is fundamentally fair, adequate and reasonable.'" *Torrisi v. Tucson Elec. Power Co.*, 8 F.3d 1370, 1375 (9th Cir. 1993) (citation omitted). Many different factors may predominate in different factual contexts. *Ibid.* The key terms of the revised settlement agreement are:

*First*, the proposed settlement class would include all United States residents who purchased an Asus TF201 tablet between December 1, 2011, and the date of any preliminary approval of the settlement, and who have not previously returned the device for a full refund. The class would exclude Asus and its directors, officers, and employees, as well as entities controlled by Asus.

*Second*, class members could apply for a cash payment of seventeen dollars and a free GPS dongle, the same dongle already offered for free by Asus. In order to receive the money and/or dongle a class member would have to timely fill out and submit a valid claim form. The time period for filing claims would be limited to 60 days after the sending of notice.

*Third*, and most significantly, the settlement agreement would bind only those class members who timely submitted a valid claim form. Pursuant to the revised settlement agreement, class members who either did not exclude themselves or did not timely submit a valid claim form would still retain the right to sue and would not be bound by the release.

*Fourth*, the parties propose to provide notice to the class by (1) maintaining a settlement website and a toll-free number through which the notice and claim form can be obtained, (2) publishing a short summary notice on Asus's website and Facebook page, (3) mailing the notice to individuals for whom Asus has mailing information (constituting an estimated thirty percent of the class), and (4) providing a "push" notification directly to TF201 devices through an electronic notification system. The "push" notice would show up as an icon on a user's TF201

5

tablet screen. Asus describes the proposed push notice as being similar to notifications that Asus and third-parties send to the TF201 and other Android-based mobile phone and tablet devices (Liu Decl. ¶¶ 12-14). Asus would bear the cost of providing notice.

*Fifth*, counsel for plaintiff has agreed to waive any claim to an award of attorney's fees and will only seek reimbursement of litigation expenses and costs actually and reasonably incurred, in an amount not to exceed $45,000.

As discussed above, only those class members who submit a timely, valid claim form will be bound by the release. Class members who do not submit a claim form are free to pursue their own claims. Class members who do timely submit a valid claim form within the 60-day claims period would be eligible to receive a seventeen-dollar cash payment and could also request a free GPS dongle, which Asus claims addresses problems with GPS performance. According to the parties' jointly retained expert, Dr. Hanssens, this amount is at the high end of the value of the GPS functionality. Asus has also produced to plaintiff information regarding the Wifi performance of the TF201 tablet, which it claims is within an acceptable range.

Accordingly, the Court **ORDERS** that notice be sent out to class members. The notice form and the claim form should be revised to clearly state the scope of the release. Under the notice form section titled "Objecting to the proposed settlement," the following sentence should be removed: "Remember, however, that unlike most other class actions, your rights are only impacted if you choose to participate, and Class Counsel has decided not to seek any fee for its representation." Additionally, the notice form should clearly state that a class member may object to the settlement, even if he or she did not submit a claim form, by mailing a written objection with the required information by the deadline set forth below and by appearing at the final hearing to object.

**3. WAIVER OF FINAL FAIRNESS HEARING AND OBJECTIONS.**

Defendant has filed a statement in support of preliminary approval of the settlement agreement as providing a substantial benefit to class members. Defendant contends, however, that no class member would have standing to object to the settlement. This is presumably because plaintiff's counsel are not seeking attorney's fees above and beyond their actual fees and

6

costs and because a class member who does not opt in (by timely submitting a valid claim form) cannot argue that he or she was injured by any part of the settlement agreement. Defendant, however, has entered into a settlement agreement that calls for seeking certification of a settlement class, distribution of a notice form stating that it has been authorized by this Court, and requesting that this Court retain jurisdiction to oversee and enforce the settlement agreement, at least until final approval is given. To the extent that the parties seek to use this Court to continue litigating this action and for the orderly administration of their proposed settlement agreement, this Court will requir e that appropriate procedures be followed to protect the rights of class members. If the parties prefer to settle the case as between the individual plaintiff and defendant, they are free to do so. They have not. Defendant's request to waive a final fairness hearing or opportunity to object is **DENIED**.

## CONCLUSION

For the reasons stated above, the motion for preliminary approval of the revised settlement agreement is **GRANTED**. Notice shall be published and sent out by **MARCH 11, 2013**. A motion for final approval should be filed by **MAY 9, 2013**. Any objections must be in writing and postmarked by **MAY 20, 2013**. A final fairness hearing is set for **JUNE 13, 2013 AT 2:00 P.M.** The notice must be revised to reflect these dates. The hearing scheduled for February 21 is hereby **VACATED**.

**IT IS SO ORDERED.**

Dated: February 19, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

7