IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| COLIN FRASER, individually and on behalf of all others similarly situated,<br><br>    Plaintiff,<br><br>  v.<br><br>ASUS COMPUTER INTERNATIONAL, a California Corporation, and ASUSTEK COMPUTER, INC., a Taiwanese Corporation,<br><br>    Defendants. | No. C 12-00652 WHA<br><br>**ORDER GRANTING FINAL APPROVAL OF CLASS ACTION SETTLEMENT AGREEMENT AND AWARDING LITIGATION EXPENSES** |

## INTRODUCTION

In this action brought on behalf of owners of tablet computers, plaintiff moves for final approval of the class action settlement agreement. For the reasons stated below, the motion is **GRANTED**.

## STATEMENT

Plaintiff Colin Fraser brought this action against Asus Computer International, Inc. and Asustek, Inc. on behalf of himself and all other United States residents who purchased an Asus Transformer Prime EE TF201 Tablet computer. The facts have been set forth in previous orders and need not be repeated here (*see* Dkt. No. 61). Briefly, the complaint alleges that the TF201 tablet contains a defect that resulted in a loss or reduction in global positioning system ("GPS") and wireless internet ("WiFi") functionality.

Following denial of the first motion for preliminary approval of the settlement agreement, the parties continued settlement discussions under the supervision of Magistrate Judge Jacqueline Scott Corley. By order dated February 19, 2013, plaintiff's second motion for certification of a class for settlement purposes and preliminary approval of a revised class action settlement was granted (Dkt. No. 72). Class counsel were directed to give notice to class members and the fairness hearing was set for July 11. The revised settlement agreement provided that class members could submit a claim form to become part of the settlement class and that failure or refusal to do so would not compromise or affect the individual's rights. That is, consumers wishing to be part of the class and receive class benefits would be required to affirmatively submit a claim form. The notice set out the terms of the proposed settlement and informed class members of their right to appear at the fairness hearing and to object to the proposed settlement.

Over the course of the claim period 11,409 class members submitted a claim form. Two objections were received and eight individuals were allowed to submit a late claim form. At the fairness hearing on July 11, no class members appeared.

**ANALYSIS**

**1. THE PROPOSED SETTLEMENT AGREEMENT.**

The second proposed settlement agreement *only* extinguishes the claims of those class members who submit a claim form, thereby opting in to the settlement class. The principal portions of this settlement agreement are summarized below:

1. The class includes all United States residents who purchased a TF201 tablet computer and who have not previously returned the device for a full refund.

2. Only individuals who submit a claim form are included in the settlement class. The legal rights of class members who do not submit a claim form are not affected.

3. Settlement class members will receive a seventeen dollar cash payment and an add-on device to enhance the tablet's GPS reception ("dongle").

2

4. The full class notice and claim form were made available on Asus' website and social media pages. A shorter form of notice was sent directly to each class member's individual TF201 device.

Although seventeen dollars and a dongle is a low amount in comparison to the original purchase price of $500, the proposed settlement agreement is fair, reasonable and adequate, all the more so because those who objected and refrained from submitting a claim form are still free to bring their own suit. The reasonableness of the settlement is underscored by the overwhelming ratio of claims filed to objections (11,409 to 2). In fact, eight individuals requested to be included in the settlement even after the deadline for submitting claims forms had passed (Dkt. No. 93).

## 2. FILED OBJECTIONS.

Objections were filed to the proposed settlement agreement by Kobi Reiter and Bill Adams. They assert that the compensation offered to class members is too low. Settlement approval, however, depends not on whether the settlement could have been better but on whether it is "fair, adequate and free from collusion." *Hanlon v. Chrysler Corp.*, 150 F.3d 1011, 1027 (9th Cir. 1998). As was noted above, the large number of class members wishing to participate in the settlement is evidence that the settlement is reasonable and should be approved.

During oral argument, counsel for Asus represented to the Court that objectors Adams and Reiter have not submitted proper claim forms in addition to submitting objections. If objector(s), now aware their objections have been overruled, wish to benefit from the settlement (and be bound by the release), said objector(s) may submit a proper claim form within fourteen calendar days of this order, namely July 25, 2013. If no such claim form has been submitted or is submitted by said deadline, then said objector may bring his own lawsuit, subject to the statute of limitations and any other defenses.

Having considered all relevant submissions and all statements made at the fairness hearing, this order finds that the settlement is fair, reasonable and adequate as required by FRCP 23(e)(2). Given that the settlement agreement only binds those class members who submit a claim form, this order also finds that the form and manner of notice was reasonable

and adequate, satisfying the requirements of due process and FRCP 23(e)(1). Accordingly, the joint motion for final approval of the settlement agreement is **GRANTED** and the settlement is **APPROVED**. Class members who filed a claim form are bound by the settlement and are enjoined from bringing, joining or continuing to prosecute any action asserting the released claims. Counsel shall file on the public docket a final list of the names of the class members bound by the settlement, and shall file under seal a list of their names and identifying information. Jurisdiction over matters relating to the interpretation, implementation, effectuation, and enforcement of the settlement shall be retained for a period of four years from the date of this order.

### 3. LITIGATION EXPENSES AND INCENTIVE AWARDS.

Parties' counsel have agreed to waive their right to apply for attorney's fees. The agreement provides, however, for recovery of the actual out-of-pocket expenses of plaintiff's counsel in the amount of $45,000. The lion's share of this amount is the cost of the jointly retained expert, Dr. Dominique Hanssens. Other expenses include travel expenses, filing fees, photocopying and telephone charges. Because the expenses are not taken from the class fund and are reasonable in light of the total amount recovered by the class, litigation expenses to counsel in the amount of $45,000 are **GRANTED**.

The settlement agreement also provides for a $500 stipend to named plaintiff Colin Fraser and a $200 stipend to three cooperating class members, Nicholas Balog, Bill Vance and Herbert Vieth. Plaintiff submits that these stipends reflect a reasonable compensation for the effort expended by these plaintiffs on the proceedings. Named plaintiff Colin Fraser reviewed the original complaint and sat for a deposition for roughly three hours. The cooperating class members produced documents to class counsel, discussed the amended complaint and settlement options with counsel and stood ready to be deposed.

Incentive awards are discretionary and, when allowed, "are intended to compensate class representatives for work done on behalf of the class." *Rodriguez v. West Publishing Corp.*, 563 F.3d 948, 958 (9th Cir. 2003). Given, however, the proportion of the requested stipends to the amount recovered by individual class members — $500 and $200, respectively, to $17 —

4

a downward adjustment of the stipends is warranted. Upon review of the declarations of named plaintiff and the cooperating class members, this order finds that they may be awarded a $100 and $50 stipend, respectively. To that extent, plaintiff's motion for stipend payments to cooperating class members is **GRANTED**.

## CONCLUSION

For the reasons stated above, the motion for final approval of the class settlement agreement is **GRANTED** and the settlement is **APPROVED**. Pursuant to Section IV of the settlement agreement, all claims asserted in this action are **DISMISSED ON THE MERITS** as to the class members participating in this settlement. Counsel shall file a final list of those class members bound by the settlement as set forth above. Those persons fully release and discharge Asus and its affiliates from any and all liabilities on claims which they have or may claim now or in the future to have, that were or could have been alleged or asserted against Asus or any of its affiliates, relating to any claims that the TF201 suffers from GPS and WiFi strength or reception issues and any alleged misrepresentation or failure to disclose concerning such GPS or WiFi issues. Released claims shall not include personal injury claims or claims to enforce the settlement. Jurisdiction over matters relating to the enforcement of the settlement shall be retained up to and including July 11, 2017. The motion for litigation expenses in the amount of **$45,000** is **GRANTED**. Plaintiff Colin Fraser is awarded an extra stipend in the amount of **$100**. Class members Nicholas Balog, Bill Vance and Herbert Vieth are each awarded an extra stipend in the amount of **$50**. Class counsel shall immediately give notice of this order to objecting class members Kobi Reiter and Bill Adams.

**IT IS SO ORDERED.**

Dated: July 11, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

5