IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

COLIN FRASER, individually and on
behalf of all other similarly situated,

    Plaintiff,

No. C 12-00652 WHA

v.

ASUS COMPUTER INTERNATIONAL,
a California Corporation, and ASUSTEK
COMPUTER, INC., a Taiwanese
Corporation,

    Defendants.

**JUDGMENT**

/

On the 11th day of July, 2013, at 2:00 p.m., a hearing having be held before this Court to determine: (1) whether the proposed settlement of the above-captioned action (the "Litigation") on the terms and conditions provided for in the Revised Settlement Agreement and Release filed with the Court on February 11, 2013 (the "Settlement Agreement") is fundamentally fair, reasonable, and adequate to the Settlement Class and should be approved by the Court; (2) whether a Final Judgment as provided in Section VII.3 of the Settlement Agreement should be entered; (3) whether and in what amount to award expenses to Class Counsel; and (4) whether and in what amounts to award stipends for the named Plaintiff and certain Cooperating Class Members.

Upon consideration of all matters submitted at the hearing and otherwise, for the reasons stated in the accompanying order approving the class action settlement agreement, **FINAL JUDGMENT IS HEREBY ENTERED**.

**IT IS HEREBY ORDERED, ADJUDGED, and DECREED that:**

1. This Final Judgment incorporates by reference the definitions in the Settlement Agreement, and all capitalized terms used herein shall have the same meanings as set forth in the Settlement Agreement.

2. The Court has jurisdiction over the subject matter of the Litigation, including all matters necessary to effectuate the Settlement, and over the Plaintiff, the Settlement Class Members, and defendants Asus Computer International and ASUSTek Computer Inc. (collectively, "ASUS").

3. The Parties complied in all material respects with the notice plan set forth in Section VI of the Settlement Agreement (the "Notice Plan") and previously approved by the Court by order entered on February 19, 2013. The Settlement Administrator filed with the Court proof of compliance with the Class Action Fairness Act of 2005. Notice of the proposed Settlement of the Litigation as a class action and the terms and conditions of the Settlement was given to all members of the Settlement Class who could be identified with reasonable effort. The Court finds that notice pursuant to the Notice Plan and in light of the scope of the Release met the requirements of Rule 23 of the Federal Rules of Civil Procedure, the Class Action Fairness Act of 2005, 28 U.S.C. § 1715, and due process, and was the best notice practicable under the circumstances, and constituted due and sufficient notice to all persons entitled thereto.

4. The prerequisites for a class action under Federal Rules of Civil Procedure 23(a) and (b)(3) are satisfied in that (a) the Settlement Class members are so numerous as to make joinder impracticable; (b) common questions of law and fact exist as to all Settlement Class members; (c) the claims of the Plaintiff are typical of the claims of the Settlement Class he seeks to represent; (d) such common questions predominate over any questions solely affecting on individual Settlement Class members; (e) a class action is superior to other available methods for the fair and efficient adjudication of the Litigation ; and (f) the interests of the

Settlement Class will be, and have been, fairly and adequately represented by the Plaintiff and his counsel of record in the Litigation.

5. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies Colin Fraser as Settlement Class Representative and Robbins Geller Rudman & Dowd LLP and Farmer, Jaffe, Weissing, Edwards, Fistos & Lehrman, P.L. as Class Counsel.

6. Pursuant to Rule 23 of the Federal Rules of Civil Procedure, this Court hereby finally certifies this Litigation as a class action on behalf of:

> All United States residents who purchased an Asus Transformer Prime Eee TF201 tablet between December 1, 2011 and February 19, 2013, and who have not already returned their device for a full refund. The Settlement Class excludes ASUS; any entity in which ASUS has a controlling interest; ASUS' directors, officers, and employees; and ASUS's legal representatives, successors, and assigns.

7. All objections to the Settlement, to the extent not previously withdrawn, are overruled.

8. The terms of the Settlement Agreement and Settlement are approved as fundamentally fair, reasonable and adequate as to the Parties and the Settlement Class, and the Court hereby finally approves the Settlement Agreement and Settlement in all respects, and orders the Parties to perform its terms to the extent the Parties have not already done so.

9. The Complaint, which the Court finds was filed on a good faith basis in accordance with Rule 11 of the Federal Rules of Civil Procedure, is hereby dismissed on the merits and with prejudice, and the Parties are to bear their own costs, except as provided in the Settlement Agreement or the accompanying order. The Court further finds that all parties and their counsel have complied with each requirement of Rule 11 of the Federal Rules of Civil Procedure as to all proceedings herein.

10. Upon the entry of this Final Judgment, the Releasing Persons have completely, fully and irrevocably discharged, settled, dismissed with prejudice any Released Claim, whether known or unknown, against each and every Released Person, and the assertion, prosecution, or continuation by Releasing Persons, acting in any capacity, of any Released Claim is hereby permanently barred and enjoined, and any Releasing Person shall conclusively be deemed to

have released and forever discharged the Released Persons from all Released Claims. Nothing herein shall bar any action or claim to enforce the terms of the Settlement Agreement as approved by the Court in this Final Judgment, or any claims brought by any non-Releasing Person.

11.     Plaintiff and all Releasing Persons shall, as of the Effective Date, conclusively be deemed to have acknowledged that the Released Claims may include claims, rights, demands, causes of action, liabilities, or suits that are not known or suspected to exist as of the Effective Date. Plaintiff and all Releasing Persons nonetheless release all such Released Claims against the Released Persons. Further, as of the Effective Date, Plaintiff and all Releasing Persons shall be deemed to have waived any and all protections, rights and benefits of California Civil Code section 1542 and any comparable statutory or common law provision of any other jurisdiction.

12.     Neither this Final Judgment, the Settlement Agreement, nor any of its terms and provisions, nor any of the negotiations or proceedings connected with it, or any of the documents or statements referred to therein shall be:

>   (a)     Offered or received against the Released Persons as evidence of or construed as or deemed to be evidence of any presumption, concession, or admission by any of the Released Persons with respect to the truth of any fact alleged by any of the Plaintiffs or the validity of any claim that has been or could have been asserted in the Litigation or in any litigation, or the deficiency of any defense that has been or could have been asserted in the Litigation or in any litigation, or of any liability, negligence, fault or wrongdoing of the Released Persons;
>
>   (b)     Offered or received against the Released Persons as evidence of a presumption, concession or admission of any fault, misrepresentation or omission with respect to any statement or written document approved or made by any Released Persons;
>
>   (c)     Offered or received against the Released Persons as evidence of a presumption, concession or admission with respect to any liability, negligence,

4

fault or wrongdoing, or in any way referred to for any reason as against any of the Released Persons, in any other civil, criminal or administrative action or proceeding, other than such proceedings as may be necessary to effectuate the provisions of the Settlement Agreement, provided, however, that the Released Persons may refer to it to effectuate the liability protection granted them hereunder;

(d) Construed against the Released Persons as an admission or concession that the consideration to be given hereunder represents a recovery which could be or would have been recovered after trial; or

(e) Construed as or received in evidence as an admission, concession or presumption against Plaintiffs or any of the Releasing Persons that any of their claims are without merit, or that any defenses asserted by the Released Persons have any merit, or that damages recoverable under the Complaint would not have exceeded the amount set forth in the Settlement Agreement or Settlement.

13. Notwithstanding paragraph 11, the parties and Released Persons may file the Settlement Agreement and/or this Final Judgment, and file or reference acts performed or documents executed pursuant to or in furtherance of the Settlement Agreement and/or Final Judgment: (a) in any action that may be brought against them in order to support a defense or counterclaim based on principles of res judicata, collateral estoppel, full faith and credit, release, standing, good faith settlement, judgment bar or reduction or any other theory of claim preclusion or issue preclusion or similar defense or counterclaim, or any defense allowed under applicable law; (b) in furtherance of the Settlement contemplated in the Settlement Agreement; and (c) in any action to enforce the Settlement.

14. The Court notes that Class Counsel has specifically waived any claim to the payment of attorneys' fees. Class Counsel are hereby awarded the sum of $45,000 in expenses, which sum the Court finds to be fair and reasonable. The expense award shall be paid to Class Counsel by Asus in accordance with the terms of the Settlement Agreement.

15. The Court hereby approves stipend awards to the following named Plaintiff and Cooperating Class Members, for their time and efforts spent assisting Class Counsel to help further the Litigation, as follows:

    (a) For Colin Fraser in the amount of $100.

    (b) For Cooperating Class Member Herbert Vieth in the amount of $50.

    (c) For Cooperating Class Member Nicholas Balog in the amount of $50.

    (d) For Cooperating Class Member Bill Vance in the amount of $50.

Said stipend awards shall be paid by Asus in accordance with the terms of the Settlement Agreement.

16. Apart from any consideration owing to Plaintiff or the Cooperating Class Members from the filing of an approved claim form, the benefits and payments described in Paragraphs 13 and 14 are the only consideration, fees, and expenses that ASUS or the Released Persons shall be obligated to give to Plaintiff, Settlement Class Members, and Class Counsel in connection with the Agreement and the payment of attorneys' fees and expenses.

17. Without affecting the finality of this Judgment in any way, the Court retains exclusive jurisdiction over the Parties and the Settlement Class for all matters relating to this Litigation, including the administration, interpretation, effectuation or enforcement of the Settlement Agreement and this Final Judgment.

18. Without further order of the Court, the Parties may agree to reasonable extensions of time to carry out any provisions of the Settlement Agreement.

19. All other relief not expressly granted to the Settlement Class Members is denied.

20. There is no just reason for delay in the entry of this Final Judgment and immediate entry by the Clerk of the Court is expressly directed pursuant to Rule 54(b) of the Federal Rules of Civil Procedure.

21. The Clerk **SHALL CLOSE THE FILE**.

**IT IS SO ORDERED.**

Dated: July 12, 2013.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE